**Samir KARAM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73754.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 27, 2007.

Natalia A. Nekrasova, Roni P. Deutsch, Esq., Encino, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

CAC–District Counsel, Esq., Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Christopher C. Fuller, U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Samir Karam, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Karam's motion to reopen, on the ground that Karam did not show he was prejudiced by his prior counsel's failure to file an application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). *See Lin v. Ashcroft,* 377 F.3d 1014, 1027 (9th Cir. 2004) (to demonstrate prejudice a petitioner must show plausible grounds for relief); *see also* 8 U.S.C. § 1158(a)(2)(B) (asylum application must be filed within one year of alien's arrival in the United States); *see Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (evidence of one incident of physical violence not connected to any spe-

cific threat combined with other unfulfilled threats constitutes "harassment rather than persecution"), *see* 8 C.F.R. § 208.16(c)(2) (CAT applicant must establish it is more likely than not he would be tortured if removed).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

